UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**HADAROU SARE,**

*Plaintiff,*

v.                                                                        Civil No. 1:23-cv-02675-JRR

**CHRISTINA NIKIFORIDOU, et al.,**

*Defendants.*

## MEMORANDUM OPINION AND ORDER

The court has before it the Motion for Alternative Methods of Service (ECF No. 67; the "Motion"). The court has reviewed all papers, and no hearing is necessary. Local Rule 105.6 (D. Md. 2023).

On October 3, 2023, Plaintiff Hadarou Sare filed the instant action and a motion for emergency injunction and temporary relief, which was denied. (ECF Nos. 1, 2, 4, and 5.) On October 12, 2023, Plaintiff filed an amended complaint. (ECF No. 6.) On October 24, 2023, Plaintiff filed correspondence requesting issuance of summonses. (ECF No. 12.) The court directed the clerk to issue the summonses as filed and for Plaintiff to effectuate service on each Defendant. (ECF No. 13.) The court directed Plaintiff to the court rules regarding service of process. *Id.*

On November 7, 2023, Plaintiff filed return of service documents; on November 14, 2023, Plaintiff filed proofs of service of summons. (ECF Nos. 15 and 16.) On November 28, 2023, Defendant Schorr filed a motion to strike the return of service for Defendant Schorr. (ECF No. 21.) That same day, Defendants Nikiforidou, Kogure, and Handler filed a motion to dismiss the complaint for insufficient service. (ECF No. 22.)

On December 19, 2023, the court set a hearing on Defendant Schorr's motion to strike. (ECF No. 47.)  After the evidentiary hearing, held January 24, 2024, the court issued an order striking the proofs of service on Defendants Schorr, Nikiforidou, Hendler, and Kogure, (ECF Nos. 16 and 19), and denied without prejudice Plaintiff's motion for alternative methods of service at ECF No. 40.  (ECF Nos. 63 and 65.)  That same day, January 24, 2024, Plaintiff filed a Notice of Appeal, which the United States Court of Appeals for the Fourth Circuit dismissed on May 24, 2024.  (ECF Nos. 69 and 80.)  On January 25, 2024, Plaintiff filed the instant Motion seeking leave of court to serve Defendants by means alternative to those expressly delineated by the applicable court rules.  (ECF No. 67.)

As stated in the court's previous order at ECF No. 65, the court is unpersuaded that Plaintiff has made diligent efforts to serve the above-referenced Defendants in accordance with the court rules, and the court is unpersuaded that any Defendant is evading service or that any counsel of record is conducting him or herself in a manner designed for such purpose (or to such effect). Again, the court appreciates that effecting proper service may be challenging and, as a self-represented litigant, those challenges are greater still; however, as the court previously found, Plaintiff submitted to the court deliberately altered certified mail return receipts ("green cards") and has lacked candor to the tribunal regarding same and his efforts to perfect service of process. Therefore, for these reasons, the court is not willing at this time to allow service of process by alternative means on the above-identified Defendants.

Importantly, nothing of any procedural relevance has changed since the court  issued its order at ECF No. 65[1] and Plaintiff has done nothing additional to demonstrate any diligent efforts

---

[1] Indeed, Plaintiff filed the instant Motion for alternative service the day after the court issued the order denying his previous motion for alternative service despite the court's clear recitation on the record in open court that Plaintiff has not attempted service per the rules.

to serve the above-referenced Defendants in accordance with the rules. The court, therefore, again directs Plaintiff's attention to the court rules to assist him.

Under FED. R. CIV. P. 4(e)(1), service of process on an individual must comport with the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. In Maryland, service on an individual Defendant is made by either: leaving a copy of the summons, pleading (here, the Amended Complaint), and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or by mailing to the person to be served a copy of the summons, pleading, and all other papers filed with it by certified mail requesting "Restricted Delivery – show to whom, date, address of delivery." MD. RULE 2-121(a).

Pursuant to FED. R. CIV. P. 4(c)(2), service of a summons and pleading may be effected by any person who is not a party and who is at least 18 years of age. Plaintiff is again reminded that under FED. R. CIV. P. 4(l), the person effecting service of the summons and Amended Complaint must promptly notify the court, through an affidavit, that he or she has served Defendants. If Plaintiff does not use a private process server, and instead uses certified mail (restricted delivery, return receipt requested) to make service, Plaintiff must file with the Clerk the United States Post Office acknowledgment as proof of service showing who received service and when it was received consistent with Maryland Rule 2-126(a).[2]

---

[2] Specifically, the Maryland Rules provide:

> (a) Service by Delivery or Mail. An individual making service of process by delivery or mailing shall file proof of the service with the court promptly and in any event within the time during which the person served must respond to the process.
>
> (1) If service is by delivery, the proof shall set forth the name of the person served, the date, and the particular place and manner of service. If service is made under Rule 2-121 (a)(2), the proof also shall set forth a description of the individual served and the facts upon which the

Therefore, the Motion at ECF No. 67 is **DENIED WITHOUT PREJUDICE.**

/S/

_____
June 27, 2024                                                                Julie R. Rubin
                                                                             United States District Judge

---

individual making service concluded that the individual served is of suitable age and discretion.

(2) If service is made by an individual other than a sheriff, the individual also shall file proof under affidavit that includes the name, address, and telephone number of the affiant and a statement that the affiant is of the age of 18 or over.

(3) If service is by certified mail, the proof shall include the original return receipt.

MD. RULE 2-126.