## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **HADAROU SARE,** | |
| *Plaintiff*, | |
| v. | **Civil No.: 1:23-cv-02675-JRR** |
| **HOSAM FATHY,** *et al.*, | |
| *Defendants.* | |

## <u>MEMORANDUM OPINION</u>

*Pro se* Plaintiff Hadarou Sare brings this action against Defendants Hosam Fathy and the University of Maryland College Park, alleging violations of Title VI of the Civil Rights Act of 1964 ("Title VI"), defamation, and negligence. (ECF No. 39; the "Consolidated Amended Complaint.") Pending now before the court is Defendants' Motion to Dismiss. (ECF No. 98; the "Motion.") The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons that follow, by accompanying order, the Motion will be granted.[1]

## I.    <u>BACKGROUND</u>[2]

### A.  **Factual Background**

This action arises from the University of Maryland's (the "University") expulsion of Plaintiff based on purportedly false allegations of sexual harassment of three female students from

---

[1] Relatedly, Plaintiff's "Motion to Compel NASA GSFC to Remove Unlawful Identification Flag and Restore Access to Federal Facility" at ECF No. 101 will be denied as moot. Further, NASA is not a party to this action; Plaintiff fails to identify the basis for seeking such relief in an action against parties independent of NASA.

[2] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Consolidated Amended Complaint (ECF No. 39). *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017). The court does not consider Plaintiff's prior, non-operative complaints in addressing the current Motion, except to the extent Plaintiff expressly referenced attachments thereto in the filing of his Consolidated Amended Complaint. (ECF No. 39 at p. 3–4.) To be clear, the court has attempted to consider the exhibits; however, it is not incumbent upon the court to sort through Plaintiff's filings in order to identify the basis for his claims. Indeed, while Plaintiff is permitted to incorporate documents by reference, his pleadings still must include a "short and plain statement of [his] claim[s] showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2).

Spring of 2021 to Summer of 2022. (ECF No. 39 at p. 4; ECF No. 1-5.) The investigation concerned allegations of a hostile work environment, stalking, and other sex-based offenses in violation of the University's Policy and Procedures on Sexual Harassment and Other Sexual Misconduct. (ECF No. 1-5 at p. 1.) The University conducted a hearing on April 10, 2023. *Id.* The Hearing Officer determined Plaintiff had committed the alleged acts and imposed the sanction of expulsion. *Id.* Plaintiff appealed the Hearing Officer's decision, and the University's appellate body supported the determination. *Id.* The University's Vice President of Student Affairs administratively approved Plaintiff's expulsion, and on May 31, 2023, Plaintiff received a letter confirming his expulsion was effective immediately. *Id.*

Plaintiff brings the present action "appealing" the University's decision based on the following assertions: "procedural irregularities" because his proffered evidence was rejected by the University and for "substantially disproportionate sanctions"; "bias, defamation . . . and discrimination from [Defendant] Fathy"; negligence of the University's Hearing Officer and employees in "analyzing" and finding credible the purportedly "false and fabricated statements" of the complaining female students and "their witnesses"; and defamation by the complainants and multiple witnesses during the University's investigation. (ECF No. 39 at p. 4.)

As to the claimed procedural irregularity, Plaintiff points to the following: (1) two complainants' decisions not to attend the hearing who were thus not subject to cross-examination, (2) no complainants submitted a complaint against him or submitted impact statements, (3) none of the evidence supported the viewpoint or conclusion that his interactions were based on sex, (4) the Hearing Officer did not "objectively evaluate [his] testimony []or [his] impact statement," (5) one complainant did not identify his behavior as sexual harassment until it was characterized in that manner by Defendant Fathy, (6) the University's determination that Plaintiff may repeat the

complained-of behavior "was not based on objectively evaluated evidence" given that he had never violated the no-contacts orders; and (7) the Hearing Officer considered "irrelevant character attacks" and irrelevant evidence.  (ECF No. 1-3 at pp. 1–3.)

As to the allegedly substantially disproportionate sanction, Plaintiff seems to assert that expulsion was an unreasonable sanction based on the facts and circumstances of the case, specifically because the Hearing Officer did not take into account his disability or reference that Plaintiff "abided by all University rules in reference to the no-contact orders."  *Id.* at p. 3.

As to bias, defamation, and discrimination of/by Defendant Fathy, Plaintiff points to Fathy's lack of credibility based on bias, suggesting that Fathy led a "coup" against him "because he does not like [Plaintiff]" based on his contacts related to reporting Plaintiff.  (ECF No. 1-4 at pp. 11, 13.)  Plaintiff claims that the evidence before the University showed Fathy "convince[d]" a complainant to submit a sexual harassment claim about him. *Id.* at p. 11.

As to defamation by complainants and witnesses, Plaintiff points to text messages between him and two witnesses which were offered as evidence.  (ECF Nos. 1-11 and 1-12.)

### B.  Procedural History

In response to his expulsion, Plaintiff filed this action on October 3, 2023.  (ECF No. 1.)  Prior to filing in this court, Plaintiff filed suit in the Circuit Court for Baltimore City, in which Plaintiff also included Fathy as a defendant (Case No. 24-C-23-002569).  (ECF No. 18.)  Fathy subsequently removed the state case to this court (Case No. 23-cv-02975-JRR, ECF No. 1).  Defendants then moved to consolidate the two cases.  (ECF No. 18.)  The court granted the motion to consolidate.  (ECF No. 33.)  Plaintiff timely filed the Consolidated Amended Complaint on December 13, 2023.  (ECF No. 39.)

Following amendment and an order of this court, the sole remaining Defendants are the University and Fathy.  (ECF Nos. 6, 39, 87.)  Plaintiff asserts claims based upon violation of Title VI by the University (Count I),[3] defamation by Fathy (Count II),[4] and negligence by the University (Count III).  (ECF No. 39 at pp. 4–5.)  He seeks reinstatement into his PhD program, an "[o]rder that the University . . . protect all students who suffer from Asperger's disorder," and monetary compensation consisting of the stipends he received as a PhD candidate and $100,000.  *Id.* at p. 5. On January 29, 2025, Defendants filed the instant Motion to dismiss the Consolidated Amended Complaint.  (ECF No. 98.)

## II.  LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(1)

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction."  *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction."  *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019).  Subject matter jurisdiction challenges may proceed in two ways: a facial challenge or a factual challenge.  *Id.*  A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction."  *Id.*  A factual challenge asserts "that the jurisdictional allegations of the complaint [are] not true."  *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).  "In a facial challenge, 'the facts alleged in the complaint are taken

---

[3] Plaintiff offers a conclusory allegation in his Consolidated Amended Complaint that Fathy discriminated against him.  (ECF No. 39 at p. 4.)  As Defendants explain, "the proper defendant in a Title VI case is an entity rather than an individual."  *Farmer v. Ramsay*, 41 F. Supp. 2d 587, 592 (D. Md. 1999) (citation omitted); *see also Awah v. Mansfield Kaseman Health Clinic*, No. 8:21-CV-00938-PX, 2021 WL 6197415, at *3 (D. Md. Dec. 30, 2021); *McCrea v. Johns Hopkins Univs.*, No. JKB-15-0579, 2016 WL 6166999, at *6 (D. Md. Oct. 24, 2016).  In any event, Plaintiff's claim of discrimination by Fathy lacks factual allegations in support of same.

[4] Plaintiff alleges defamation by non-parties and parties that have been dismissed.  (ECF No. 39 at p. 4.)  To the extent his claims of defamation are not against Defendants to this action, the court does not consider them in ruling on the instant Motion.

as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'" *Id.* (quoting *Kerns*, 585 F.3d at 192 (instructing that in a facial challenge to subject matter jurisdiction the plaintiff enjoys "the same procedural protection as . . . under a Rule 12(b)(6) consideration")). "[I]n a factual challenge, 'the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction.'" *Id.*

Defendants raise a facial challenge to the court's subject matter jurisdiction, asserting that Fathy is immune from suit under the Maryland Tort Claims Act ("MTCA"). (ECF No. 98 at p. 5–7.) The defense of sovereign immunity is a jurisdictional bar because "sovereign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009)). "Given the unique attributes of sovereign immunity, we have held that the burden of proof falls to an entity seeking immunity as an arm of the state, even though a plaintiff generally bears the burden to prove subject matter jurisdiction." *Williams v. Big Picture Loans, LLC*, 929 F.3d 170, 176 (4th Cir. 2019) (citing *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014)).

## B. Federal Rule of Civil Procedure 12(b)(6)

A motion asserted under Rule 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, "a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain

5

that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

## III.  <u>ANALYSIS</u>

The court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (citation modified) (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, "does not absolve Plaintiff from pleading a plausible claim," and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v.*

6

*PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (first quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); and then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### A. MTCA Immunity

Defendants first argue that, as to Plaintiff's defamation claim, Fathy is immune from suit pursuant to the MTCA. (ECF No. 98-1 at pp. 5–7.) Plaintiff counters that Fathy is not immune under the MTCA because Plaintiff "sufficiently alleged malice and gross negligence." (ECF No. 100 at p. 2.) "State sovereign immunity . . . 'bars all claims by private citizens against state governments and their agencies, except where Congress has validly abrogated that immunity or the state has waived it.'" *Williams v. Morgan State Univ.*, 850 F. App'x 172, 174 (4th Cir. 2021) (quoting *Passaro v. Virginia*, 935 F.3d 243, 247 (4th Cir. 2019)). "[W]hen a governmental agency or actor can, and does, avail itself of the doctrine of sovereign immunity, no contract or tort suit can be maintained thereafter against it unless the General Assembly has specifically waived the doctrine." *Stern v. Bd. of Regents, Univ. Sys. of Md.*, 380 Md. 691, 701 (2004).

The MTCA provides a limited waiver of the State's sovereign immunity for tort actions. *See Williams v. Morgan State Univ.*, 484 Md. 534, 554 (2023). Relevant here, the MTCA provides that state personnel are immune from suit and "from liability in tort for a tortious act or omission that is within the scope of the public duties of the State personnel and is made without malice or gross negligence . . . ." MD. CODE ANN., CTS. & JUD. PROC. § 5-522; MD CODE ANN., STATE GOV'T §§ 12-104, 12-105.

An employee of the University, as an instrumentality of the State, is protected by state sovereign immunity when facing legal action in his or her official capacity. *Williams v. Coppin State Univ.*, No. 1:23-CV-02590-JRR, 2024 WL 3904676, at *4 (D. Md. Aug. 22, 2024) (citing MD. CODE ANN. STATE GOV'T § 12-105). State personnel are not immune from suit when acting

outside of the scope of their duties or with malice or gross negligence. *Id.* at 5 (citing *Barbre v. Pope*, 402 Md. 157, 175 (2007)).

Importantly, state personnel are not immune where a plaintiff's complaint "*sufficiently* alleges malice or gross negligence." *Barbre*, 402 Md. at 181–82 (emphasis in original); *see Elliott v. Kupferman*, 58 Md. App. 510, 528 (1984) (elaborating on the requirements to overcome immunity under the MTCA, stating that "the plaintiff must allege with some clarity and precision those facts which make the act malicious"); *Bowling v. Dep't of Pub. Safety & Corr. Servs.*, No. 1:23-CV-01785-JRR, 2024 WL 4056636, at *6 (D. Md. Sept. 5, 2024) ("[C]onclusory allegations of gross negligence are insufficient to overcome MTCA immunity at the Rule 12(b)(6) stage."). In Maryland, malice is characterized by an "evil or wrongful motive, intent to injure, knowing and deliberate wrongdoing, ill-will or fraud." *Barbre*, 402 Md. at 182 (quoting *Lee v. Cline*, 384 Md. 245, 268 (2004)); *see Nero v. Mosby*, 890 F.3d 106, 127 (4th Cir. 2018) (same). "To establish malice, a plaintiff must show that the government official 'intentionally performed an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff.'" *Nero*, 890 F.3d at 127 (quoting *Bord v. Baltimore County*, 220 Md. App. 529, 557 (2014)). Gross negligence exists where the State personnel "inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist." *Barbre*, 402 Md. at 187 (quoting *Liscombe v. Potomac Edison Co.*, 303 Md. 619, 635 (1985)).

Here, Plaintiff alleges that Fathy, Plaintiff's former Ph.D. advisor, defamed him through fabricated statements during the University's investigation into Plaintiff. (ECF No. 39 at p. 4; ECF No. 1-4 at p. 13.) Plaintiff argues that Dr. Fathy is not immune under the MTCA because his statements were made "with knowledge of their falsity and reckless disregard for the truth, meeting

the standard for malice and gross negligence." (ECF No. 100 at p. 2.) Plaintiff, however, has failed to allege facts to support a claim that Fathy acted with malice or gross negligence in his statements to the University. Plaintiff relies on conclusory allegations that Fathy made his statements because of his hatred of Plaintiff and desire to remove him from the University, and offers no factual allegations that might reasonably demonstrate or support a conclusion that Fathy's statements were the product of malice or gross negligence. (ECF No. 39 at p. 4; ECF No. 1-4 at pp. 11, 13–16.) Mere conclusory allegation that Fathy's statements were malicious or grossly negligent (or words of that ilk), absent supportive factual allegations, is insufficient as a matter of law. *See MedSense, LLC v. Univ. Sys. of Md.*, 420 F. Supp. 3d 382, 397–98 (D. Md. 2019) (finding that two professors were entitled to state sovereign immunity where plaintiff alleged that they acted maliciously or with gross negligence but did not allege any particular facts showing the malicious or grossly negligent nature of their acts). That Plaintiff disagrees with Fathy's characterizations of him does not suffice as plausible indications of malice or gross negligence. *See* ECF No. 1-4 at p. 13 (stating that Fathy's statement that "Mr. Sare criticized all his teammates" was "not true" because, instead, he "informed [Fathy] that none of [his] teammates were working").

Plaintiff has failed to allege malice or gross negligence on the party of Fathy to overcome sovereign immunity. Dr. Fathy is immune from liability as to Counts II and III.

### B. Count I: Discrimination in Violation of Title VI

Defendants argue further that Plaintiff has failed to state a claim for violation of Title VI. (ECF No. 98 at p. 7–9.) Plaintiff counters that he has sufficiently pleaded his claim under Title VI by alleging specific instances of discrimination. (ECF No. 100 at p. 3.) Under section 601 of Title VI, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "[T]here is

an implied private right of action to enforce § 601's core prohibition of discrimination in federally-financed programs." *Peters v. Jenney*, 327 F.3d 307, 315 (4th Cir. 2003) (citing *Guardians Ass'n v. Civ. Serv. Comm'n*, 463 U.S. 582, 610–11 (1983)).  Of import here, "[t]o survive a motion to dismiss under Title VI, a plaintiff must plead sufficient facts supporting that (1) the defendant is a recipient of federal financial assistance; and (2) the defendant intentionally discriminated against plaintiff on the basis of race, color, or national origin." *Carroll v. Walden Univ., LLC*, 650 F. Supp. 3d 342, 355 (D. Md. 2022) (quoting *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *4 (D. Md. Nov. 16, 2021)).

Although Plaintiff fails to allege facts to support a conclusion that the University receives federal funding, the University concedes the point.  (ECF Nos. 1, 39; ECF No. 98-1 at p. 8 n.5.)  But Plaintiff's Consolidated Amended Complaint contains no allegation that he was discriminated against based on race, color, or national origin.[5]  (ECF No. 39; ECF No. 1 at p. 14.)  Plaintiff argues in opposition that he has alleged "specific instances of discrimination, procedural irregularities, and disparate treatment in the disciplinary process, which indicate intentional discrimination."  (ECF No. 100 at p. 3.)  This, however, is insufficient as a matter of law.

Plaintiff neither alleges in his Consolidated Amended Complaint that the procedural irregularities resulted from a discriminatory intent related to his race, color, or national origin (by a reasonable inference or otherwise).  Excepting his prior, non-operative complaint, Plaintiff offers no factual allegations in support of his claim of discrimination or disparate treatment based on

---

[5] The court acknowledges that Plaintiff alleged in his original complaint that he had previously experienced discrimination and bias from faculty at the University due to his race (Black), color, and national origin.  (ECF No. 1 at p. 22.)  That he believed he was subject to discrimination from faculty separate and distinct from the investigation, however, does not provide support for his claim that the University intentionally discriminated against Plaintiff based upon his race, color, and national origin during the sexual misconduct investigation and resulting expulsion.  *See Hodge v. Coll. of S. Maryland*, 121 F. Supp. 3d 486, 502 (D. Md. 2015) (dismissing plaintiff's claim of Title VI discrimination based on race due to the lack of showing that defendant's actions were motivated by racial bias and reliance on conclusory allegations).  Further, Plaintiff's original complaint is not the operative pleading.

race, color, or national origin (and even considering his prior allegations, they fail to support a reasonable inference of discriminatory animus on the basis of same). For these reasons, Plaintiff's Count I fails to state a Title VI discrimination claim.

### C. Count II: Defamation

Even assuming Fathy were not entitled to immunity as to Plaintiff's defamation claim, Defendants argue that Plaintiff's defamation claim also fails under Rule 12(b)(6). (ECF No. 98-1 at pp. 9–10.) Plaintiff argues that he properly pleaded a claim of defamation by alleging that Fathy "made knowingly false statements to university officials, which harmed Plaintiff's reputation and led to adverse disciplinary actions." (ECF No. 100 at p. 3.) To plead a claim of defamation, a plaintiff is required to allege: "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm."[6] *Piscatelli v. Van Smith*, 424 Md. 294, 306 (2012) (quoting *Indep. Newspapers, Inc. v. Brodie*, 407 Md. 415, 441 (2009)).

A statement that is defamatory "tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person." *Doe v. Johns Hopkins Health Sys. Corp.*, 274 F. Supp. 3d 355, 365 (D. Md. 2017) (quoting *Gohari v. Darvish*, 363 Md. 42, 54 (2001)). A statement that is "not substantially correct" is false, and "[t]he plaintiff carries the burden to prove falsity." *Piscatelli*, 424 Md. at 306 (quoting *Batson v. Shiflett*, 325 Md. 684, 726 (1992)). Further, for a defendant to be at fault, a plaintiff must show "at a minimum, the party making the false statement acted

---

[6] For a statement that is defamatory *per se*, harm is "self-evident," but for a statement that is defamatory *per quod*, a plaintiff must plausibly allege (and later prove) the harm caused by the statement. *Rorie v. Bd. of Educ. of Charles Cnty.*, 653 F. Supp. 3d 217, 242 (D. Md. 2023) (citing *Metromedia, Inc. v. Hillman*, 285 Md. 161, 164 (1979)). The statements presented by Plaintiff are analyzed here as defamatory *per quod*, as they do not clearly show harm outside of the context of the investigation. *See id.* (analyzing the relevant statements as defamatory *per quod* due to the necessity of context to demonstrate their defamatory nature).

negligently." *Johns Hopkins Health Sys. Corp.*, 274 F. Supp. at 366 (citing *Hearst Corp. v. Hughes*, 297 Md. 112, 119–25 (1983)).

Here, Plaintiff's defamation claim is based upon Fathy's statements to University officials in their investigation into Plaintiff. (ECF No. 39 at p. 4; ECF 1-4 at pp. 13–16.) He does not allege the nature of statements or how they are untrue. He does not allege how Dr. Fathy's statements may have subjected him to "public scorn, hatred, contempt or ridicule," or otherwise impaired the public's opinion of him. *Johns Hopkins Health Sys. Corp.*, 274 F. Supp. at 365 (quoting *Gohari*, 363 Md. at 54). Even considering Plaintiff's referenced attachment, Plaintiff's allegations are still deficient. (ECF No. 1-4.) Although Plaintiff may disagree with Fathy's statements and motivations, Plaintiff's characterizations do not fairly allege that Fathy's comments were untrue. *Id.* at pp. 13–16. Plaintiff may describe them as "not true," but he does not allege facts that support the falsity of the proffered comments. *Id.*

Accordingly, even if the court were to conclude that Fathy was not entitled to immunity as to Plaintiff's defamation claim, Plaintiff's defamation claim would still be dismissed for failure to state a claim.

### D. Count III: Claim of Negligence

Finally, Defendants argue that Plaintiff's negligence claim fails for two reasons: first, he failed to meet a requisite condition for waiver of immunity under the MTCA; and second, he has failed to state a claim of negligence. To state a claim of negligence, a plaintiff must allege "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 131–32 (2007) (quoting *Valentine v. On Target*, 353 Md. 544, 549 (1999)).

The basis of Plaintiff's negligence claim is that the University's Hearing Officer negligently analyzed the evidence and found credible false witness statements.  (ECF No. 39 at p. 4.)  Plaintiff has not alleged any facts on which to base a reasonable conclusion or finding that the University owed Plaintiff some duty in the manner alleged here.[7]  Moreover, his allegation that the University seemingly breached its duty in its investigation, again, lacks supportive factual allegations.  *Id.*  The cited document does not support Plaintiff's claim of negligence.  (ECF No. 1-5.)  While the court does not doubt that this has been challenging for Plaintiff, he has similarly failed to allege any facts to support a reasonable conclusion that he experienced alleged harm or that the University's alleged breach of some duty caused same.  Plaintiff has failed to properly state a claim of negligence; thus, it will be dismissed.[8]

---

[7] In his opposition, Plaintiff states that the "universities owe students a duty to follow fair disciplinary procedures," citing *Doe v. Bd. of Trs. of St. Mary's Coll. of Md.*, No. CBD-19-cv-1760, 2019 WL 6215543 (D. Md. Nov. 20, 2019). (ECF No. 100 at p. 4.)  Plaintiff cannot amend his complaint by opposition to the Motion.  *See McDonald v. LG Elecs. USA, Inc.*, 219 F. Supp. 3d 533, 541 (D. Md. 2016) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quoting *Whiting-Turner Contracting Co. v. Liberty Mut. Ins. Co.*, 912 F. Supp. 2d 321, 334 (D. Md. 2012)).  In any event, his argument is not compelling, as the court in *Doe v. Bd. of Trs. of St. Mary's Coll. of Md.* did not find that Plaintiff had plausibly alleged a duty, as "neither the Procedures Manual nor other documents identified by the parties creates a duty of care which Defendant owes to Plaintiff."  2019 WL 6215543, at *3; *see also Doe v. Maryland*, No. ELH-20-1227, 2021 WL 1174707, at *36 (D. Md. Mar. 29, 2021) (citing similar cases in finding that "there is no Maryland law establishing the duty plaintiff claims [the university] breached").

[8] In a footnote, the University contends that Plaintiff's negligence claim should also be dismissed because he has failed to comport with the service requirements under the MTCA.  *See* MD. CODE ANN., STATE GOV'T §§ 12-104, 12-106, 12-108 (waiving "immunity of the State and of its units . . . as to a tort action" where damages are below the requisite monetary limits and the plaintiff complies with the requirements for notice).  In an action under the MTCA, "service of the complaint and accompanying documents is sufficient only if made on the Treasurer."  *Id.* § 12-108(a).  A designee of the Treasurer is, as provided by the Office of the State Treasurer, limited to "the: (i) Chief Deputy Treasurer; or (ii) Director of the Insurance Division of the State Treasurer's Office."  *Barbre*, 402 Md. at 176 (quoting COMAR 25.02.01.02B(7)).  Plaintiff does not dispute that he did not serve in the manner prescribed by law; nor does the court record demonstrate Plaintiff did so.  (ECF No. 19.)  Therefore, Plaintiff has failed to meet the requirements for the limited waiver of sovereign immunity under the MTCA.  *See Singleton v. Maryland Tech. Dev. Corp.*, No. 22-CV-00999-JMC, 2022 WL 4104201, at *6 (D. Md. Sept. 8, 2022), *aff'd sub nom.*, 103 F.4th 1042 (4th Cir. 2024) (dismissing the plaintiff's claims where she failed to effect service on the State Treasurer as required).

IV.    **CONCLUSION**

For the foregoing reasons, by separate order, Defendants' Motion (ECF No. 98) will be granted.[9]

July 29, 2025                                                      /S/
                                                           _____
                                                           Julie R. Rubin
                                                           United States District Judge

---

[9] Defendants seek dismissal with prejudice.  The court declines to dismiss this action with prejudice.  *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").  Relatedly, to the extent the dismissal is based on subject matter jurisdiction, a dismissal for a defect in subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."  *Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022) (quoting *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013)).