IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HADAROU SARE, | |
| *Plaintiff*, | |
| v. | Civil No.: 1:23-cv-02675-JRR |
| HOSOM FATHY, *et al.*, | |
| *Defendants*. | |

<u>MEMORANDUM AND ORDER</u>

This matter comes before the court on *pro se* Plaintiff Hadarou Sare's "Motion to Reopen Case" (ECF No. 132; the "Motion"), which the court construes as a motion to vacate its prior orders pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

I.      **Background**

As this court explained in its previous opinion, this action arises from the University of Maryland's (the "University") expulsion of Plaintiff based on purportedly false allegations of sexual harassment by three female students from Spring of 2021 to Summer of 2022. (ECF No. 39 at p. 4; ECF No. 1-5.) In response to his expulsion, Plaintiff filed this action on October 3, 2023. (ECF No. 1.)

A more granular review of the procedural history of this case is relevant here. On the same day he initiated this action, Plaintiff filed a motion for temporary restraining order ("Motion for Emergency Injunction and Temporary Relief"), which was denied. (ECF Nos. 2, 4, and 5.) On October 12, 2023, Plaintiff filed an amended complaint. (ECF No. 6.) On October 24, 2023, Plaintiff filed correspondence requesting issuance of summonses. (ECF No. 12.) The court directed the clerk to issue the requested summonses and for Plaintiff to effectuate service on each

Defendant. (ECF No. 13.) The court directed Plaintiff to abide the court rules regarding service of process. *Id.*

On November 7, 2023, Plaintiff filed return of service documents; on November 14, 2023, Plaintiff filed proofs of service of summons. (ECF Nos. 15 and 16.) On November 28, 2023, Defendant Schorr filed a motion to strike the return of service regarding service of process on him. (ECF No. 21.) That same day, Defendants Nikiforidou, Kogure, and Handler moved to dismiss for insufficient service. (ECF No. 22.)

On December 19, 2023, the court scheduled an evidentiary hearing on Defendant Schorr's motion to strike. (ECF No. 47.) After the evidentiary hearing on January 23, 2024, the court issued an order striking the proofs of service on Defendants Nikiforidou, Handler, Kogure, and Schorr, (ECF Nos. 16 and 19), and denying without prejudice Plaintiff's motion for alternative methods of service (ECF No. 40). (ECF Nos. 63, 64, and 65.) In the court's order denying Plaintiff's motion for alternative methods of service, the court explained:

> The court found (by separate orders issued on even date herewith) that Plaintiff has failed to effect service of process on Defendants Schorr, Nikiforidou, Hendler, and Kogure; and the court ordered Plaintiff to present summonses to the Court Clerk as to these Defendants in order that Plaintiff may be afforded yet another opportunity to effect service of process of the operative pleading.
>
> As to the pending Motion, the court is unpersuaded that Plaintiff has made diligent efforts to serve the above-referenced Defendants in accordance with the court rules; the court is unpersuaded that any Defendant is evading service or that any counsel of record is conducting him or herself in a manner designed for such purpose (or to such effect). As expressed in open court to Plaintiff on January 23, 2024 (at the conclusion of a hearing on the motion at ECF No. 21), the court appreciates that effecting proper service may be challenging and, as a self-represented litigant, those challenges are greater still; however, the court finds that Plaintiff has submitted to the court deliberately altered certified mail return receipts ("green cards") and has lacked candor to the tribunal regarding same and his efforts to perfect service of process.

2

(ECF No. 65.)  That same day, January 24, 2024, Plaintiff filed a notice of appeal.[1]  (ECF No. 69.)

The following day, on January 25, 2024, Plaintiff again sought leave to serve Defendants by means alternative to those expressly delineated by the applicable court rules.  (ECF No. 67.) The court denied his motion, again explaining:

> As stated in the court's previous order at ECF No. 65, the court is unpersuaded that Plaintiff has made diligent efforts to serve the above-referenced Defendants in accordance with the court rules, and the court is unpersuaded that any Defendant is evading service or that any counsel of record is conducting him or herself in a manner designed for such purpose (or to such effect).  Again, the court appreciates that effecting proper service may be challenging and, as a self-represented litigant, those challenges are greater still; however, as the court previously found, Plaintiff submitted to the court deliberately altered certified mail return receipts ("green cards") and has lacked candor to the tribunal regarding same and his efforts to perfect service of process.  Therefore, for these reasons, the court is not willing at this time to allow service of process by alternative means on the above-identified Defendants.
>
> Importantly, nothing of any procedural relevance has changed since the court issued its order at ECF No. 65 and Plaintiff has done nothing additional to demonstrate any diligent efforts to serve the above-referenced Defendants in accordance with the rules.  The court, therefore, again directs Plaintiff's attention to the court rules to assist him.

(ECF No. 82 at pp. 2–3) (footnote omitted).

Nearly six months passed between the court's denial of Plaintiff's last motion for alternative service and entry of its order dismissing this case as against Defendants Nikiforidou, Handler, Kogure, and Schorr.  (ECF No. 87.)  During that time, Plaintiff did not file any returns of service, nor did he file any correspondence or motion detailing his efforts to effectuate service in a manner permitted by law.[2]  Thus, in furtherance of the court's orders at ECF Nos. 64 and 65, the court entered its order at ECF No. 87, dismissing this action as against Defendants Nikiforidou,

---

[1] The Fourth Circuit dismissed the appeal on May 24, 2024.  (ECF No. 80.)
[2] Nor did Plaintiff try again to obtain leave to serve by alternative means.

Handler, Kogure, and Schorr.  The court's order also directed the University and Defendant Fathy to respond to Plaintiff's consolidated amended complaint.  (ECF No. 87.)

Thereafter, the University and Defendant Fathy moved to dismiss.  (ECF Nos. 98.) Following briefing by the parties, the court granted the motion, dismissed Plaintiff's consolidated amended complaint, and closed the case.  (ECF Nos. 102 and 103.)  Plaintiff filed multiple notices of appeal the next day and the instant Motion five days later.[3]  (ECF Nos. 104, 106, 108, 110, 112, 114, 116, 118, 120, 11, 124, 126, 128, 130, and 132.)

In his Motion, Plaintiff asks the court to "reopen this matter and vacate [its] orders dismissing" Defendants Nikiforidou, Handler, Kogure, Schorr, and the University.  These defendants were dismissed by the court's order of December 20, 2024, at ECF No. 87 (Nikiforidou, Handler, Kogure, Schorr) and the court's order of July 29, 2025, at ECF No. 103 (the University). He contends that he "filed multiple Proofs of Service," and that Defendants Nikiforidou, Handler, Kogure, and Schorr's failure to appear "reflect[s] deliberate evasion, not lack of service."  (ECF No. 132 at p. 3.)  Further, as to the University, he contends that he has "uncovered new information suggesting that the University and/or its affiliates actively shielded the individual defendants from accountability."  *Id.*  Although not raised in his Motion, his reply provides that he will, sometime in the future, "allege with particularity" facts demonstrating that the University and Defendant Fathy are not immune under the Maryland Tort Claims Act.  (ECF No. 136 at p. 3.)

---

[3] The court notes Plaintiff has filed the above-referenced notices of appeal prior to filing the Motion.  Given the relief sought, and that the court will deny the Motion, the court is satisfied of its jurisdiction to address the Motion while the appeal is pending.  *See* FED. R. APP. P. 4(a)(4) (recognizing that a motion to alter or amend judgment under Rule 59 and a motion for relief under Rule 60 during the time permitted for filing a motion under Rule 59 tolls the time period for filing an appeal); FED. R. APP. P. 4 1993 Advisory Committee Note ("The amendment provides that a notice of appeal filed before the disposition of a specified posttrial motion will become effective upon disposition of the motion. A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."); *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999) ("In sum, when a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly.").

## II.    Legal Standard

Plaintiff brings the present Motion pursuant to the following Federal Rules of Civil Procedure: Rules 54(b), 59(e), 60(b)(1), 60(b)(2), and Rule 60(b)(6).[4]  (ECF No. 132 at p. 1.) Because Plaintiff's Motion asks the court to vacate its orders at ECF Nos. 87 and 103, Plaintiff's Motion is properly analyzed under Rule 59(e) and Rule 60(b).[5]

### A.    Federal Rule of Civil Procedure 59(e)

"Rule 59(e) authorizes motions 'to alter or amend a judgment,' provided they are filed within 28 days of the judgment." *Daulatzai v. Maryland*, 97 F.4th 166, 177 (4th Cir. 2024).  "The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Jackson v. Sprint/United Mgmt. Co.*, 633 F. Supp. 3d 741, 745 (D. Md. 2022) (citing cases).  A Rule 59(e) motion "is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *EEOC v. Lockheed Martin Corp.,* 116 F.3d 110, 112 (4th Cir. 1997)).  "[T]he prior judgment cannot be 'just maybe or probably wrong; it must . . . strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Jackson v. Sprint/United Mgmt. Co.*, 633 F. Supp. 3d 741, 746 (D. Md. 2022) (quoting *Fontell v. Hassett*, 891

---

[4] Rule 54(b) is inapplicable here, as Plaintiff filed the Motion following dismissal of his Complaint.  Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").
[5] Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  A motion under Rule 60(b)(1), (2), or (3) must be made "no more than a year after the entry of the judgment or order." FED. R. CIV. P. 60(c)(1).  A motion under Rule 60(b)(6) "must be made within a reasonable time." *Id.*

F. Supp. 2d 739, 741 (D. Md. 2012)). "In other words, the Court's previous judgment must be 'dead wrong.'" *Id.* (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)).

"Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A motion under Rule 59(e) is similarly "not authorized to enable a party to complete presenting [her] case after the court has ruled against [her]." *Bank v. M/V "Mothership"*, 427 F. Supp. 3d 655, 659 (D. Md. 2019) (quoting *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996)). Indeed, "mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (citation omitted).

### B. Federal Rule of Civil Procedure 60(b)

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). In particular, Rule 60(b) provides—"On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

6

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

"To prevail, a party must first demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023), *cert. denied sub nom. Dotson v. Justus*, 144 S. Ct. 1096 (2024) (footnotes omitted) (quoting *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017)). "Once a party has met this threshold, he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." *Id.* at 105–106 (citing *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)).

## III.    Analysis

Plaintiff asks the court to vacate its orders of dismissal. With regard to Defendants Nikiforidou, Handler, Kogure, and Schorr, the court declines to vacate its order dismissing the action as against them. As the case's progression plainly shows, the court has afforded Plaintiff multiple opportunities to effectuate service in a proper manner. In the court's orders at ECF Nos. 63 and 64, the court forewarned Plaintiff that, should he fail to serve the aforementioned Defendants during the requisite time frame, the action would be dismissed as against them. The court denied Plaintiff's third motion for alternative service filed thereafter. The court permitted Plaintiff over a year to effectuate service of Defendants Nikiforidou, Handler, Kogure, and Schorr. After the court denied Plaintiff's final motion for alternative service, Plaintiff did not file any returns of service or any correspondence regarding his efforts to effectuate service during the six months that followed. As such, the court dismissed the action as against these Defendants.

The court discerns no basis for relief from this order under Rule 60(b). Even assuming without deciding that Plaintiff has met the threshold showing to seek relief under Rule 60(b), Plaintiff has not shown relief from judgment is warranted. Pursuant to Federal Rule of Civil Procedure 4, a plaintiff must serve a summons and the complaint upon a defendant within 90 days after the complaint is filed. FED. R. CIV. P. 4(c), (m). If a plaintiff fails to effectuate timely service, the court may, "on motion or on its own after notice to the plaintiff," dismiss the action without prejudice as against the defendant. FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

Here, Plaintiff offers no argument or evidence that materially alters the court's prior analysis. Plaintiff has failed to serve Defendants Nikiforidou, Handler, Kogure, and Schorr. Plaintiff has not asserted good cause for his failure to do so during the more than one year period his case was pending. *See Gelin v. Shuman*, 35 F.4th 212, 218 (4th Cir. 2022) (explaining that "good cause is commonly found to exist when the failure of service is due to external factors, such as the defendant's intentional evasion of service, but significant periods of inactivity and a failure to seek extension of time before the deadline has lapsed tend to undercut any claim of good cause") (citation omitted and modified). Further, Plaintiff provides zero information or evidence upon which the court could conclude these Defendants acted to evade service; and the court discerns no such effort or intent.

For the reasons discussed above, the court discerns no error of law in its prior order per Rule 60(b)(1). *See Kemp v. United States*, 596 U.S. 528, 533–34 (2022) (noting that Rule 60(b)'s description of "mistake" includes a "judge's error of law"). Similarly, to the extent Plaintiff invokes Rule 60(b)(2) and (3), Plaintiff has provided no "newly discovered evidence" or specific allegation of misrepresentation by Defendants. Further, this case does not present "extraordinary

circumstances"; the "exceedingly rare" relief pursuant to Rule 60(b)(6) is therefore not warranted. *See Lamb v. Spencer*, No. 8:16-CV-02705-PX, 2019 WL 2921787, at *3 (D. Md. July 8, 2019) (quoting *Williams v. Holley*, No. DKC-16-623, 2017 WL 550034, at *4 (D. Md. Feb. 10, 2017)). Plaintiff's disagreement with the court's conclusion "does not justify extraordinary relief under Rule 60(b)(6)'s 'catchall' provision." *LaTisha P. v. O'Malley*, No. CV SAG-21-2644, 2024 WL 5150519, at *3 (D. Md. Dec. 18, 2024) (quoting *Brault v. Trans Union, LLC*, No. GJH-18-3244, 2019 WL 7293396, at *4 (D. Md. Dec. 27, 2019)).

With regard to Defendants Fathy and the University, the court is similarly not persuaded to amend its judgment pursuant to Rule 59(e). Despite his conclusory assertion of new evidence, Plaintiff has not identified any specific evidence, let alone evidence that was not previously available to him, and the court does not discern any legal error of law on its part or manifest injustice. *See Jackson*, 633 F. Supp. 3d at 745, *supra*.

## IV.    Conclusion and Order

For the foregoing reasons, Plaintiff fails to demonstrate that relief is warranted under Rule 59(e) or 60(b). Accordingly, it is this 3rd day of October 2025,

**ORDERED** that Plaintiff's Motion (ECF No. 132) shall be, is hereby, **DENIED**.

Madam Clerk shall transmit a copy of this order and its sealed attachment to Plaintiff and all counsel of record.

/s/
_____
Julie R. Rubin
United States District Judge